IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

UNITED STATES OF AMERICA                                    PLAINTIFF/RESPONDENT

v.                    Criminal No. 6:15-cr-60026
                      Civil No. 6:17-cv-06116

NICHOLAS SMITH                                              DEFENDANT/PETITIONER

## ORDER

Before the Court is the Report and Recommendation filed December 29, 2017, by the Honorable Mark E. Ford, United States Magistrate Judge for the Western District of Arkansas. (ECF No. 55). Judge Ford recommends that Petitioner Nicholas Smith's ("Smith") Motion Seeking a Vacatur, Setting-Aside, Correction of his Sentence Pursuant to Title 28 U.S.C. § 2255 be denied. (ECF No. 49). Smith has filed objections to the Report and Recommendation. (ECF No. 56). The Court finds this matter ripe for consideration.

## BACKGROUND

On November 16, 2017, Smith filed the instant Motion Seeking a Vacatur, Setting-Aside, Correction of His Sentence Pursuant to Title 28 U.S.C. § 2255. (ECF No. 49). The motion raises two grounds for relief: (1) ineffective assistance of counsel for failing to move for suppression of Smith's statements to law enforcement "while in a postictal state" following a seizure (ECF No. 49, pp. 2-6); and, (2) ineffective assistance of counsel for failing to object to the Court's finding that it must consider the sentence for each count of conviction separately (ECF No. 49, pp. 6-9). Due to a deficiency in Smith's declaration in the motion, the Court ordered Smith on November 17, 2017 to file an amended declaration within 15 days. (ECF No. 53). As of the date of this

order, Smith has not filed an amended declaration as ordered by the Court. The United States filed a response to the motion on December 15, 2017. (ECF No. 54). Smith did not file a reply.

The Court referred Smith's motion to Judge Mark E. Ford, United States Magistrate Judge for the Western District of Arkansas, to make a Report and Recommendation. On December 29, 2017, Judge Ford delivered his Report and Recommendation (ECF No. 55) to the Court, recommending that Smith's Section 2255 motion be denied. On January 19, 2018, Smith filed his Objections to the Report and Recommendation.[1] (ECF No. 56).

## DISCUSSION

Judge Ford recommends summary dismissal of Smith's Section 2255 motion because it was not timely filed and properly verified. Judge Ford also recommends that the Court deny Smith's motion, as well as his request for an evidentiary hearing and certificate of appealability, because Smith's ineffective assistance of counsel claims "have either been waived by guilty pleas, lack support in the record, or are otherwise clearly without merit." (ECF No. 55, p. 22).

**I. Timeliness and Verification**

As a threshold matter, the Court must determine whether Smith's Section 2255 motion is timely and properly verified.

Motions under 28 U.S.C. § 2255 are subject to a one-year statute of limitations. The limitations period runs from the latest of: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme

---

[1] A more expansive background can be found in Judge Ford's Report and Recommendation. (ECF No. 55).

Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).

An un-appealed criminal judgment becomes final when the time for filing a direct appeal expires. *Anjulo-Lopez v. United States*, 541 F.3d 814, 816 n.2 (8th Cir. 2008). The Judgment in this case was entered on November 1, 2016. (ECF No. 38). Had Smith wished to file an appeal, he was required to do so within fourteen days. *See* Fed. R. App. P. 4(b)(1)(A)(i). Smith did not file an appeal, and thus, his conviction became final on November 15, 2016. From that date, Smith had one year, or until November 15, 2017, to timely file his Section 2255 *habeas* petition. Smith filed his petition on November 16, 2017, one day after the limitations period expired. The petition is dated October 9, 2017 (ECF No. 49, p. 10), but it was not received and filed by the Court of Clerk until November 16, 2017.

Smith argues that his motion is timely because he is entitled to the benefit of the so-called prison mailbox rule. (ECF 56, p. 2). Rule 3(d) of the Rules Governing Section 2255 Proceedings outlines the prison mailbox rule in *habeas* proceedings and provides the following:

> A paper filed by an inmate confined to an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing. If an institution has a system designed for legal mail, the inmate must use that system to receive the benefit of this rule. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

It is Smith's burden to show that the prison mailbox rule is applicable in this case. *Porchia v. Norris*, 251 F.3d 1196, 1198 (8th Cir. 2001).

Further, 28 U.S.C. § 2242 provides that an "[a]pplication for a writ of *habeas corpus* shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf." Rule 2(b)(5) of the Rules Governing Section 2255 Proceedings similarly requires

3

that the motion "be signed under penalty of perjury by the movant or by a person authorized to sign it for the movant." A court may dismiss a petition that has not been signed and verified in compliance with the statutory requirements. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

Judge Ford recommends summary dismissal because Smith failed to adhere to Rule 3(d) of the Rules Governing Section 2255 Proceedings and attach an affidavit or notarized statement showing that he had deposited his Section 2255 motion in an institutional legal mail system with the required postage. Judge Ford also recommends summary dismissal because Smith's Section 2255 motion was not verified. In his objections, Smith ignores Judge Ford's Rule 3(d) analysis and instead argues that he is entitled to the benefit of the prison mailbox rule because he satisfied the requirements of Fed. R. of App. P. 4(c).[2] Smith admits that his *habeas* petition was not properly verified but asks the Court to exercise its discretion and overlook this defect.

Upon consideration, the Court agrees with Judge Ford that the petition should be dismissed. Smith did not attach an affidavit or notarized statement showing that he had deposited his Section 2255 motion in his institution's legal mail system with the required postage as required by Rule 3(d) of the Rules Governing Section 2255 Proceedings. Smith's argument that he complied with Fed. R. App. P. 4 is simply insufficient to meet the requirements of the prison mailbox rule in *habeas* proceedings. Smith also did not sign and verify his Section 2255 motion under penalty of

---

[2] Fed. R. App. P. 4(c) provides that, if an institution has a system designed for legal mail, an inmate confined there must use that system to receive the benefit of this Rule 4(c)(1). If an inmate files a notice of appeal in either a civil or a criminal case, the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing and it is accompanied by: (1) a declaration in compliance with 28 U.S.C. § 1746, or a notarized statement, setting out the date of deposit and stating that first-class postage is being prepaid; or (2) evidence (such as a postmark or date stamp) showing that the notice was so deposited and that postage was prepaid; or (3) the court of appeals exercises its discretion to permit the later filing of a declaration or notarized statement that satisfies Rule 4(c)(1)(A)(i)."

4

perjury. In an effort to allow Smith to cure the deficiencies in his motion, Judge Ford ordered Smith to file an amended declaration, but Smith failed to obey the Court's order. (ECF No. 53). Therefore, the Court finds that Smith's Section 2255 motion is subject to summary dismissal for being untimely and lacking proper verification.[3]

## II. Ineffective Assistance of Counsel

Assuming *arguendo* that Smith's Section 2255 motion was timely and properly verified, the Court now addresses Smith's ineffective assistance of counsel claims.

### A. Legal Standard

To prove a claim of ineffective assistance of counsel, a criminal defendant must demonstrate both that counsel's performance was deficient, and that counsel's deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

To establish the deficient performance prong of the *Strickland* test, one must show that counsel's representation fell below the "range of competence demanded of attorneys in criminal cases." *Id.* at 688. Review of counsel's performance is highly deferential, and there is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.* at 689. Moreover, "[s]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *United States v. Rice*, 449 F.3d 887, 897 (8th Cir. 2006) (quoting *Strickland*, 466 U.S. at 690). Courts also "do not use hindsight to question counsel's performance," but instead must analyze it according to counsel's situation at the time of the allegedly incompetent act or omission. *Kenley v. Armontrout*, 937 F.2d

---

[3] Smith did attach an affidavit to his Objections attesting that he deposited his Section 2255 motion in his intuition's legal mail system before the limitations period expired. (ECF No. 56-1). However, this affidavit was never before Judge Ford, and Smith has provided no reason as to why he failed to comply with Judge Ford's order requiring him to file an amended declaration to cure the deficiencies in his motion. Therefore, the Court declines to consider Smith's affidavit at this time. Moreover, as discussed below, Smith's ineffective assistance claims are without merit.

5

1298, 1303 (8th Cir. 1991). If one fails to establish deficient performance by counsel, the court need proceed no further in its analysis of an ineffective assistance of counsel claim. *United States v. Walker*, 324 F.3d 1032, 1040 (8th Cir. 2003).

To establish the prejudice prong of the *Strickland* test, one must demonstrate "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. The United States Supreme Court has clarified that the proper prejudice analysis is whether "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993) (quoting *Strickland*, 466 U.S. at 687). To the extent that a petitioner's claims arise out of the plea process, he must show a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. *United States v. Arrizon*, 2014 WL 462505, at *3 (W.D. Ark. Feb. 5, 2014).

**B. Failure to Move to Suppress Post-Seizure Statements**

Judge Ford recommends that the Court deny Smith's ineffective assistance of counsel claim regarding failure to move to suppress Smith's post-seizure statements because Smith ceded his ability to collaterally attack his conviction when he pleaded guilty. Judge Ford further recommends denying this claim because Smith has failed to show both deficient performance by counsel and subsequent prejudice. The Court will first take up the effect of Smith's guilty pleas then address the merits of Smith's claim.

**1. The Effect of Smith's Guilty Pleas**

"Under section 2255, after a guilty plea, the focus of collateral attack is limited to the nature of counsel's advice and the voluntariness of the plea." *Bass v. United States*, 739 F.2d 405, 406 (8th Cir. 1984) (citation omitted). This is because "a guilty plea operates as a break in the chain

of events of the criminal process." *Tollett v. Henderson*, 411 U.S. 258, 266 (1973). Once a criminal defendant solemnly professes his guilt before the court, "he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." *Id.* Accordingly, "[o]nly the voluntary and intelligent character of the guilty plea may be attacked." *Id.*

In the instant case, Smith pleaded guilty to two counts of the indictment, and Judge Ford found that Smith's guilty pleas were both knowing and voluntary. Moreover, Judge Ford found that Smith's ineffective assistance claim for failing to move to suppress his post-seizure statements was outside the permissible scope of collateral attack after a guilty plea had been entered.

Smith does not dispute that he voluntarily and knowingly pleaded guilty or challenge his counsel's advice regarding the plea. Instead, Smith, argues that he should be allowed to bring his ineffective assistance claim because it "[does] not seek to unseat his conviction but only to ensure that the correct information is presented to the Court based on his sentence." However, this is outside the permissible scope of collateral attack. *See Bass*, 739 F.2d at 406 (holding focus of collateral attack on Section 2255 motion after guilty plea is limited to counsel's advice and voluntariness of plea). Therefore, the Court agrees with Judge Ford that Smith's claim is foreclosed by his guilty plea.

### 2. Whether Failure to Suppress Smith's Statements Amounts to Ineffective Assistance of Counsel

Assuming *arguendo* that Smith's ineffective assistance claim is not barred by his guilty pleas, the Court now addresses whether Smith has made the requisite showing of deficient performance by counsel and prejudice to his defense.

Judge Ford concluded that Smith failed to show deficient performance by his counsel because his counsel was unaware that Smith was in a postictal state[4] at the time he waived his *Miranda* rights. In his objections, Smith contends that his counsel was aware he had suffered a seizure shortly before he was arrested. However, Smith does not cite to anything in the record to support his contention, and the Court can find no evidence in the record showing that Smith's counsel was aware Smith had a seizure before he was interrogated. To the contrary, the record indicates that Smith was actively attempting to hide his seizures from others. Smith's counsel cannot be faulted for failing to raise an issue that was unknown to him because Smith failed to inform him of it. *See Beeman v. Iowa*, 108 F.3d 181, 184 (8th Cir. 1997). Therefore, the Court agrees with Judge Ford that Smith has failed to show deficient performance by his counsel.

Judge Ford also concluded that Smith failed to show any prejudicial effect from his counsel's failure to object to statements made while Smith was allegedly suffering from the after-effects of a seizure. The Court agrees with Judge Ford. Smith has failed to make specific objections to Judge Ford's finding to trigger *de novo* review by this court.[5] Additionally, the record is clear that Smith was only held responsible for two pounds of methamphetamine mixture and not the much larger amount of methamphetamine mixture he admitted to possessing and distributing.

Overall, Smith has failed to demonstrate both deficient performance and prejudice. Therefore, the Court agrees with Judge Ford that Smith's ineffective assistance claim for not moving to suppress his post-seizure statements should be denied.

---

[4] A postictal state is the altered state of consciousness after an epileptic seizure. It usually lasts between five and thirty minutes, but sometimes longer in the case of larger or more severe seizures, and is characterized by drowsiness, confusion, nausea, hypertension, headache or migraine, and other disorienting symptoms.

[5] Although Smith thoroughly objects to Judge Ford's finding that counsel's performance was not deficient, the Court cannot find any instance where Smith objects to Judge Fords finding that Smith was not prejudiced.

### C. Failure to Object to Counting the Sentences Separately

The Court now addresses whether counsel's failure to object to the Court's finding that it must consider the sentence imposed on each count separately amounts to ineffective assistance of counsel.

Smith contends that his counsel should have argued that the Court consider the length of his mandatory minimum sentence on Count Four (possession of a firearm in furtherance of a drug trafficking offense) before imposing sentence on Count Three (possession of methamphetamine with intent to distribute). Specifically, Smith contends that his counsel should have cited to *Dean v. United States*, 131 S.Ct. 170 (2017), in support of this argument.

Judge Ford found that failure to cite to *Dean* could not amount to ineffective assistance of counsel because *Dean* had not been decided at the time Smith was sentenced. In his objections, Smith argues that counsel could have cited other Eighth Circuit law to achieve the same result as *Dean* and that *Dean* should be retroactively applied to his case.

The Court agrees with Judge Ford. It is well-settled that counsel cannot be held accountable for failing to anticipate a change in the law. *Toledo v. United States*, 581 F.3d 678, 681 (8th Cir. 2009). Additionally, existing Eighth Circuit law at the time would not have supported such a position, and counsel cannot be faulted for failing to raise a meritless argument. *Larson v. United States*, 905 F.2d 218, 219 (8th Cir. 1990). There is also no language in *Dean* or subsequent United States Supreme Court opinions suggesting that *Dean* should be retroactively applied. Therefore, Smith has failed to demonstrate deficient performance by his counsel in failing to object to Smith's sentences being considered separately.

Judge Ford also found that Smith failed to demonstrate prejudice from any alleged failure of counsel to argue for a lower sentence. Smith has failed to make specific objections to Judge Ford's finding to warrant *de novo* review by this Court.[6] However, after reviewing the record, it is clear Smith was not prejudiced in any fashion. Smith's counsel made a motion for a below-Guidelines sentence that the Court in turn granted. Although Smith's counsel did not cite the exact case Smith wanted him to cite, Smith received the relief he is now seeking, namely a below-Guidelines sentence. Accordingly, Smith's defense was not prejudiced.

Overall, Smith has failed to show that his counsel's performance was deficient and that his defense was prejudiced as a result. Therefore, the Court agrees with Judge Ford that Smith's ineffective assistance of counsel claim for failing to object to his sentences being considered separately should be denied.

### III. An Evidentiary Hearing and Certificate of Appealability are Not Warranted

Finally, the Court addresses whether Smith is entitled to an evidentiary hearing or certificate of appealability on his Section 2255 motion.

A movant is not entitled to an evidentiary hearing on a Section 2255 motion if "the motion and the files and records of the case conclusively show that the [movant] is entitled to no relief." *Nguyen v. United States*, 114 F.3d 699, 703 (8th Cir. 1997) (quoting *Voytik v. United States*, 778 F.2d 1306, 1308 (8th Cir. 1985)). Similarly, a certificate of appealability may not issue under 28 U.S.C. § 2253 unless the applicant has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(2). A substantial showing is one that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner or that the

---

[6] The Court cannot find any instance where Smith disputes Judge Ford's finding that Smith was not prejudiced.

issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Judge Ford recommends denying Smith's request for an evidentiary hearing and certificate of appealability because Smith's claims for Section 2255 relief "have either been waived by guilty pleas, lack support in the record, or are otherwise clearly without merit." (ECF No. 55, p. 22). Smith does not cite to any law or specific evidence in the record but argues that an evidentiary hearing is appropriate because "his counsel's ineffectiveness resulted in clear constitutional violations of his Sixth and Fourth Amendment rights." (ECF No. 56, p. 10). Smith, without any further elaboration, also contends that "based on the objections contained within this filing. . . any reasonable jurist would stand to see that his rights were violated." *Id.*

The Court agrees with Judge Ford. Smith's conclusory objections are insufficient to trigger *de novo* review by this Court. Moreover, upon consideration, Smith is clearly not entitled to an evidentiary hearing or certificate of appealability for the reasons stated by Judge Ford. Accordingly, the Court finds that Smith has failed to make a sufficient showing to warrant an evidentiary hearing or certificate of appealability.

## CONCLUSION

For the foregoing reasons, the Court adopts Judge Ford's Report and Recommendation (ECF No. 55) *in toto*. Accordingly, Smith's Motion Seeking a Vacatur, Setting-Aside, Correction of his Sentence Pursuant to Title 28 U.S.C. § 2255 (ECF No. 49) is hereby **DENIED**.

**IT IS SO ORDERED**, this 8th day of April, 2019.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge